# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11595
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ARMANDO AGUIRRE ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-132-3

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Luis Armando Aguirre Ortiz appeals his 150-month sentence for conspiracy to possess with intent to distribute methamphetamine. He argues that his within-guidelines sentence is substantively unreasonable because the district court approached sentencing based upon personal views of the seriousness of methamphetamine use without supporting evidence and without consciously considering the consequences of inmates facing removal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11595

after release, and gave merely a "verbal genuflection to 18 U.S.C. § 3553(a)." Because Aguirre Ortiz's sentence is within the properly calculated guidelines range, it is presumptively reasonable. *See United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007).

The district court, in denying Aguirre Ortiz's request for a downward variance and to explain why a guidelines sentence was appropriate, stated that methamphetamine use destroys lives; the court reasoned that it considers the seriousness of the offense and the effect of drugs on users. Furthermore, the district court stated that it does not consciously consider deportation to explain that it did not think deportation and its attendant consequences were appropriate considerations. Although Aguirre Ortiz characterizes the district court's reference to the § 3553(a) sentencing factors as a "verbal genuflection" to those factors, further explanation was unnecessary to support the within-guidelines sentence. *See Washington*, 480 F.3d at 314.

Viewed as a whole, the record reflects that the district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Aguirre Ortiz has not demonstrated that the sentence is substantively unreasonable. *See id.* at 50-53; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court's judgment is AFFIRMED.